J-A12037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GUY ROBERT ROHM | |
| Appellant | No. 1610 WDA 2016 |

Appeal from the Judgment of Sentence September 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001522-2016

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:                          **FILED JUNE 22, 2017**

Appellant, Guy Robert Rohm, appeals from the judgment of sentence entered on September 19, 2016.  We vacate Appellant's judgment of sentence.

On June 10, 2016, Pittsburgh Police Officer Casey Waha instituted summary criminal proceedings against Appellant by filing a non-traffic citation against Appellant in the magisterial district court.  Within the citation, Officer Waha averred that, on June 2, 2016, Appellant "was highly intox[icated,] causing a scene . . . [,] calling the officers 'liars' and 'assholes' [and] stating don't we have anything better to do."  Non-Traffic Citation, 6/10/16, at 1.  Officer Waha charged Appellant with disorderly conduct under 18 Pa.C.S.A. § 5503(a)(3).  This subsection declares:

> **(a) Offense defined.**--A person is guilty of disorderly conduct if, with intent to cause public inconvenience,

annoyance or alarm, or recklessly creating a risk thereof, he:

. . .

(3) uses obscene language, or makes an obscene gesture[.]

18 Pa.C.S.A. § 5503(a)(3).

Following the issuance of a summons and Appellant's plea of not guilty, Appellant was tried before the magisterial district court on July 21, 2016. That day, the magisterial district court found Appellant guilty of violating 18 Pa.C.S.A. § 5503(a)(3) and sentenced Appellant to pay a fine of $100.00. Magisterial District Court Docket at 2-3.

Appellant filed a timely notice of appeal to the court of common pleas and, on September 19, 2016, the trial court held Appellant's trial *de novo*. **See** Pa.R.Crim.P. 462. During the trial, Officer Waha testified that, on June 2, 2016:

> my partner [and I] received a 911 call . . . for a disorderly person in a Wine and Spirits store. When we arrived on scene [Appellant] was not there. We were told by the store clerk that he fled out the back of the store. . . .
>
> We met up with [Appellant] at the intersection of Mitchell and Hall where he proceeded to yell at officers, call us assholes and liars, that we had no other business but to harass him. . . . He continued to make such a scene that neighbors heard him yelling and screaming at officers. They came out to their front porches to see what was going on. . . . They heard [Appellant] screaming at us from their houses, came out to their front porch to see what was going on. I would say it was four of the neighbors that came out. One of them had a cell phone out and was videotaping.

N.T. Trial, 9/16/16, at 4-6 and 8.

- 2 -

The trial court found Appellant guilty of the charged crime and sentenced Appellant to pay a fine of $200.00, plus court costs. *Id.* at 14; Written Judgment of Sentence, 9/19/16, at 1; Trial Court Docket Sheet at 2. Appellant filed a timely notice of appeal and Appellant now raises one claim to this Court:

> Is [Appellant] entitled to a reversal of the affirmed guilty verdict due to a lack of sufficient evidence and a violation of the United States Constitutional right to freedom of speech[?]

Appellant's Brief at 4.

We review Appellant's sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*) (internal quotations and citations omitted).

Appellant was charged with and convicted of committing disorderly conduct under 18 Pa.C.S.A. § 5503(a)(3). Again, this subsection declares:

> **(a) Offense defined.**--A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> . . .
>
> (3) uses obscene language, or makes an obscene gesture[.]

18 Pa.C.S.A. § 5503(a)(3).

On appeal, Appellant claims that the evidence was insufficient to support his disorderly conduct conviction, as the language and gestures he used on June 2, 2016 do not "satisf[y] the United States Supreme Court's test for obscenity." Appellant's Brief at 10. Moreover, during oral argument in this case, the Commonwealth conceded that Appellant was entitled to relief on appeal, as the evidence was insufficient to support his conviction for violating 18 Pa.C.S.A. § 5503(a)(3). We agree with Appellant and the Commonwealth. As this Court has explained:

> The first inquiry is what is the definition of "obscene" for purposes of 18 Pa.C.S. § 5505(a)(3). This Court has held that, for purposes of a disorderly conduct statute prohibiting the use of obscene language, language is obscene if it meets the test set forth in *Miller v. California*, 413 U.S. 15 (1973):

>(a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest, (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.
>
>*Commonwealth v. Bryner*, 652 A.2d 909, 912 (Pa. Super. 1995).
>
>Moreover, the offense of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people; it is not to be used as a dragnet for all the irritations which breed in the ferment of a community. It has a specific purpose; it has a definite objective, it is intended to preserve the public peace; it has thus a limited periphery beyond which the prosecuting authorities have no right to transgress any more that the alleged criminal has the right to operate within its clearly outlined circumference.

*Commonwealth v. McCoy*, 69 A.3d 658, 665 (Pa. Super. 2013) (some internal citations and quotations omitted).

The evidence in this case demonstrates that, on June 2, 2016, Appellant caused a neighborhood disturbance by yelling at the officers who were present and by calling the officers "assholes and liars." N.T. Trial, 9/16/16, at 4-6 and 8. While Appellant's actions and language that night might have violated the disorderly conduct statute, they did not violate the specific subsection under which Appellant was charged and convicted – 18 Pa.C.S.A. § 5503(a)(3). To paraphrase our opinion in *McCoy*, we hold as to Appellant:

>Section (a)(3), under which [Appellant] was convicted, addresses only obscene language or gestures and conviction under this section must be the result of such obscene

behavior. We have reviewed the official record and must conclude there is no evidence that [Appellant's language] was intended to appeal to anyone's prurient interest nor did it describe, in a patently offensive way sexual conduct. There was no evidence of obscene language or gestures and therefore we agree with [Appellant and the Commonwealth] that [Appellant's] conviction of disorderly conduct must be set aside.

*McCoy*, 69 A.3d at 666.

We thus vacate Appellant's judgment of sentence.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2017